King, J.
delivered the opinion of the court.
The only questions raised by the assignments of errors and relied on in the briefs of counsel for appellant, are, (1) that the plea of the homestead exemption in plaintiff’s reply constituted a departure from the cause of action set forth in the complaint, and on motion of the defendant should have been stricken, and the evidence offered in support thereof excluded; (2) that the homestead entry of plaintiff was not made upon her “record title”, that is, was not made in the margin of the proper instrument. No other questions require consideration.
Plaintiff (appellee) alleged that she was owner of an equitable estate in, and in possession of, certain real estate, under a bond for a deed from the holder of the legal title to said premises; that de-. fendant had caused a levy to be made upon, and sale of, said real estate under an execution against a judgment debtor, not the plaintiff, nor the obligor or grantor in the said bond; that said levy and sale constituted a cloud on her title, and prayed that the *51 same be declared void, and her title quieted. Defendant’s answer and cross complaint denied plaintiff’s alleged interest in the realty, and alleged that any interest plaintiff appeared to have was derived through a deed from her husband, the judgment debtor, made without consideration, and for the purpose of defrauding his creditors, and therefore void; that judgment had been obtained against said husband by the defendant, and the levy and sale complained of were made under the execution against said husband, and that said real estate was, of right, and in law, the property of the husband, and prayed that the levy and sale be confirmed and defendant’s title to said premises quieted. Plaintiff, by her replication, alleged that at all times mentioned she had been and still was a householder, the head of a family, residing upon and occupying said premises as a homestead, with her said husband and family; that the value of the property was not to exceed two thousand dollars; that prior to said judgment and levy, towit, on September 5th, 1907, she had claimed said premises as a homestead by appropriate entry in the margin of her record title, towit, in the margin of the record of said bond for a deed.
1. Motion was made by defendant to strike this reply for the reason that it constituted a departure from the cause of action in the complaint, and objections were made to evidence'offered in support thereof for the same reason. Both motion and objections were overruled. Plaintiff had the right to plead her homestead exemption in avoidance of defendant’s cross complaint and prayer for affirmative relief, and therefore, the trial court committed no error in overruling the motion to strike and the *52 objections to the evidence, without regard to whether the said plea would, in the absence of said cross complaint, have constituted a departure; which, however, we do not decide.
■ 2.' May 31st, 1906, plaintiff and H. A. Black were husband and wife, residing on the premises in question then owned by the husband. On that date the husband conveyed the property to plaintiff, his wife. Thereafter, about July 22nd, 1907, plaintiff conveyed the property by warranty deed to The Newton Lumber and Mercantile Company, a corporation. ' Under date of August 1st, 1907, ’ said company executed and delivered to plaintiff its bond for a deed whereby it agreed to convey the property to plaintiff, or her assigns, upon the payment of certain sums of money and the performance of other conditions as therein specified. This bond was duly recorded,’ and on September 5th, 1907, plaintiff caused-to be entered in the margin of the record of said bond 'the word'“Homestead”, and such entry was signed by her and attested in conformity with the provisions of the statute' of the state relative to homesteads, and thereafter she continued to reside upon and occupy said property with her- said husband and family. The value of the property in excess of prior’ encumbrances did not exceed two thou-sand dollars. After said homestead entry was made, judgment was obtained by the defendant against said IT. A: Black, the husband, and under execution in’ said cause, levy was made upon the premises as the property of H. A. Black, salé was made and certificate issued, followed by a deed in due time, the ■deed, however, being executed and delivered subsequent to the bringing of this suit. The court found *53 that the deed from the husband to the wife was without consideration, made when the husband was insolvent, for the purpose of defeating the claims of creditors, and therefore, fraudulent as to them; that the deed from plaintiff to the lumber company was for valuable consideration; that the claim of homestead made upon the margin of the record of plaintiff’s recorded title, as aforesaid, was prior to the levy of the writ of execution and effective to prevent the attaching of the lien, and entered judgment in favor of plaintiff, quieting hér title against the lien of said execution and sale.
Defendant’s contention is that this bond-for-deed did not and does not constitute “record title” within the meaning of the statute, upon which the homestead entry could be made, for the reason that', the deed from the husband to the wife, having been found by the court to be void as against .creditors, the lumber company took no title from plaintiff and could convey none to her; and,' for the further- reason, that the deed from her to said company was in fact a mortgage, although in form an absolute deed, and therefore, the bond-for-deed was nothing but a defeasance, or agreement to release the mortgage, in either of which events defendant contends that the entry in the margin of the bond was ineffective to impress the homestead character upon the property. Citation of authority is not necessary to support the statement that the deed to the lumber company by plaintiff, in good faith and for valuable consideration, conveyed good title to said company unaffected by the alleged fraudulent character of the deed from the husband to plaintiff, and that the bond-for-deed given by the lumber company to *54 plaintiff; in like good faith, and for consideration, was good, and enforcible as between them. “The authorities are uniform that one who holds possession of land under an executory contract of purchase may declare a valid homestead therein”. — Northern Assurance Co. v. Stout, (Cal.) 117 Pac. 617, 621. Dallemand v. Mannon, 4 Colo. App. 262. Thompson on Homesteads and Exemptions, sec. 170. Upon its face the agreement to convey, when recorded, was plaintiff’s record title. That the deed from husband to wife, upon the record of which she makes a homestead entry, was, as to creditors, fraudulent and void, is no defense to, and will not avoid the validity or efficiency of, such homestead entry as an exemption, is forever settled in this state. — McPhee v. O’Rourke, 10 Colo. 301. Tibbetts v. Terrill, 44 Colo. 94. In the fiase last mentioned the homestead entry of the wife was made upon her deed from her husband. The supreme court, after holding that said conveyance was fraudulent and void as against creditors of the husband, speaking through Mr. Justice Bailey, said:
“As to the homestead entry of Mrs. Terrill, it is contended by appellant that it can be of no avail to Mrs. Terrill or her grantee, Alley, for the reason that the title of Mrs. Terrill, having been taken in fraud of Terrill’s creditors, was void as to them and was not the subject of a homestead exemption. That does not seem to be the rule in this state. As was said in McPhee v. O’Rourke, 10 Colo., 301:
'Besides, it has been held that when a conveyance to the wife is made or caused to be made by the husband, for the purpose of placing the home beyond the reach of his creditors, the wife is not *55 precluded thereby from claiming the benefit of the homestead statute, even as against such creditors.’ ”
Further discussion of the question of fraud in that connection is unnecessary. It is stare decisis.
There is some force in the argument that the record of the bond-for-deed is not the proper, or at least the best, record upon which to make the entry in case it is admitted or proven that said bond amounts, in law, to a defeasance, or agreement to release a mortgage; yet, we are not prepared to say that where the alleged mortgage is in form a deed and the alleged release in form an absolute conveyance, or, as in this case, the bond-for-deed is in form the usual agreement given upon a purchase and sale, that entry of the homestead upon the margin of the record of such deed, or of such bond, may not be effective to impress the homestead character upon the premises, and constitute an aceptance by the debtor of the estate or privilege offered by the homestead act, and exempt the property from attachment or sale at the instance of creditors. The first section of the homestead statute is an executed grant from the state to every householder therein being the head of a family, of a homestead, not exceeding in value the sum of two thousand dollars, exempt from execution and attachment for debt. To become effective, however, this grant must be accepted by the beneficiary and his acceptance recorded. No other condition is required. The tender is perpetual, and its formal acceptance is made easy, simple and plain: “He shall cause the word *Homestead’ to be entered in the margin of his record title.” The nature or extent of the estate or interest of the occupant that may. *56 be sheltered under the provisions of the act is not specified or limited. Any interest with possession is sufficient to support the homestead right. Nor is the character of the title limited in any other respect than that it shall be of record. Twenty-five years ag’o the supreme court of this state, after declaring that the policy of the state is to preserve the home to the family, even as against the just demands of creditors, for the reason that the home is of paramount importance, quoted with approval the following language from the first section of Thompson on Homesteads and Exemptions: “The late Senator Benton, advocating in the United States senate the adoption of a general homestead policy; said: ‘Tenantry is unfavorable to freedom. It lays the foundation for separate orders in society, annihilates the love of country, and weakens the spirit of independence. The tenant has, in fact, no country, no hearth, no domestic altar, no Household Grod. The freeholder, on the contrary, is the natural supporter of a free government; and it should be the policy of republics to multiply their freeholders, as it is the policy of monarchies to multiply their tenants.’ ‘There is,’ said Tarbell, J., in a case in Mississippi, ‘unquestionably no greater incentive to virtue, industry and love of country than a permanent “home,” around which gather the affections of the family, and to which the members fondly turn, however widely they' may become dispersed. ’ ‘ The law, ’ said the supreme court of Iowa in an early case, ‘is based upon the idea that, as a matter of public policy, for the promotion of the prosperity of the state, and to render independent and above want each citizen of the government, it is proper he should *57 have a home — a homestead — where his family may be sheltered and live beyond the reach of financial ‘misfortune and the demands of creditors who have given credit under such law.’ And this policy is characterized as ‘liberal’ and ‘benevolent.’ ’"’ In conformity with these views our courts have uniformly held that the statutory provisions are to be liberally construed for the purpose of giving effect to the principles thus enunciated. — Barnett v. Knight, 7 Colo., 365; McPhee v. O’Rourke, supra.
To hold that the homestead right or privilege depends upon so precarious a foundation or condition as the ability of the head of the family to determine whether an instrument, which appears to be and in form is a deed of conveyance, may in law be a mortgage; or, the ability to determine whether an instrument, which appears to be and in form is an agreement for a deed, may in law constitute a defeasance of, or an agreement to release, an instrument which appears to be a deed, but in law is a mortgage, is neither in accord with reason nor the liberal construction given to the homestead statute and acts thereunder. — Barnett v. Knight, supra; McPhee v. O’Rourke, supra; Tibbetts v. Terrill, supra; Dallemand v. Mannon, supra. Neither are we prepared to say that the question as to whether the deed from plaintiff to the lumber company was in fact a mortgage, can, in this case, be raised by the defendant. He was not a party to the transaction between the lumber company and plaintiff, nor privy thereto, nor a creditor of either of said parties. The transaction between plaintiff and said company, as disclosed by this record, is good, except when challenged by a party upon whose rights it operates in *58 juriously. We do not perceive wherein it could injuriously affect defendant’s rights, and he cannot be heard to complain. The lumber company was not a party to this proceeding. If the premises are actually occupied by the debtor as a homestead, and he has made his statutory acceptance and designation upon the record of an instrument which appears to be and purports to be his title, or evidence of his title, it can make no difference, so far as a creditor is concerned, by what sort of title the debt- or holds and occupies such premises-. The uniform holding of our courts of review that a homestead entry made upon a deed confessedly void (because executed in fraud of creditors) is sufficient to secure the exemption, would seem to justify the conclusion that an entry upon some other instrument, in form evidence of title, legal or equitable, is also sufficient, although for reasons not appearing upon the face of the instrument, the court might, when properly raised upon trial, hold that said instrument was, in law, something different than it appeared to be, or, for some reason, was defective or void.
Upon review of the entire case we conclude:
(1) The plea of fraud in' the transfer from husband to wife tenders an immaterial issue as against the homestead right, unless the value of the homestead premises exceeds the sum of two thousand dollars.
(2) The question as to whether the bond-for-deed was in law an agreement to release a mortgage instead of an agreement to sell and convey the premises, cannot, in this proceeding, be raised by the defendant for the purpose of defeating the homestead exemption. (3) The record of the bond or agree *59 ment for deed constituted plaintiff’s “record title,” within the meaning of the statute. The judgment is affirmed. •
Scott, P. J., Walling, J., Htjrlbut, J„ concur. Cunningham, J., concurring specially.